IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANITA KAENEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 22 C 02290 |
| ) | |
| EXPERIAN INFORMATION ) | Judge John J. Tharp, Jr. |
| SOLUTIONS, INC.; SYNCHRONY ) | |
| BANK; CAPITAL ONE BANK (USA), ) | |
| N.A. ) | |
| ) | |
| Defendants. | |

## ORDER

For the reasons set forth in the Statement below, Defendant Capital One's motion to dismiss [25] is denied. On its own motion, the Court grants the parties limited discovery on the issue of whether Capital One received notice of her dispute from TransUnion pursuant to Federal Rule of Civil Procedure 56(d). The parties are directed to confer and file a status report with a proposed schedule for limited discovery on the subject of notice by August 10, 2022.

## STATEMENT

Anita Kaenel filed a complaint that alleges, in part, that TransUnion issued a credit report that inaccurately reported an account she had with Capital One Bank as "120 days past due." Compl. ¶ 51, ECF No. 1. Ms. Kaenel alleges that she notified TransUnion and that "[i]t is believed and therefore averred that Transunion notified Defendant Capital One of the Plaintiff's dispute." *Id.* at ¶ 56. Capital One filed its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Ms. Kaenel failed to state a claim that it violated its duties under 15 U.S.C. § 1681s–2(b) because she did not adequately allege that Capital One received notice of the dispute.

A plaintiff must "state a claim to relief that is plausible on its face" to survive a motion to dismiss pursuant to Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible where a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When deciding a motion to dismiss, the Court treats the facts alleged in the complaint as true and draws all reasonable inferences in her favor. *Id.* at 584. At the pleading stage, the plaintiff does not have to support her factual allegations with evidence. *Wheeler v. Piazza*, 364 F. Supp. 3d 870, 880 (N.D. Ill. 2019). Courts do not consider extrinsic evidence without converting the motion to a motion for summary judgment unless the evidence "is referenced in the complaint and central to plaintiff's claims." *Totty v. Anderson Funeral Home, Ltd.*, 448 F. Supp. 3d 928, 934 n.4 (N.D. Ill. 2020).

When a consumer disputes information included in their credit report, the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681i(a)(2), requires the credit reporting agency to provide prompt notice to the furnisher of the disputed information. That notice triggers the furnisher of information's various duties to the consumers, including a duty to investigate and review relevant information to the disputed information reported to the credit reporting agency. 15 U.S.C. § 1681s–2(b). Ms. Kaenel alleges that Capital One received notice and failed to fulfill its duties to her in violation of section 1681s–2(b). Capital One challenges her allegation that it received notice.

Ms. Kaenel contends that she does not need to allege notice, relying on *Lang v. TCF Nat'l Bank*, 249 F. App'x 464 (7th Cir. 2007). In *Lang*, the Seventh Circuit held in a nonprecedential opinion that plaintiffs do not have to specifically allege notice to state a claim under section § 1681s–2(b). 249 F. App'x at 466-67. The Seventh Circuit held that the plaintiff stated a plausible claim for relief by alleging "that he told ChexSystems (a CRA) that TCF furnished false information, that TCF refused to investigate or correct the false report even after learning of the asserted error, and that it thereby violated the FCRA." *Id.* at 466. As the opinion is nonprecedential, however, many courts in this district have disagreed with the Seventh Circuit's holding and held that plaintiffs must allege that a furnisher of credit information had notice of the dispute. *See, e.g.*, *Stewart v. JP Morgan Chase Bank, N.A.*, No. 18 C 7584, 2020 WL 444248, at *4 (N.D. Ill. Jan. 28, 2020) (holding that plaintiffs are required to allege notice); *see also Thompson v. Advoc. S. Suburban Hosp.*, No. 15-cv-9184, 2016 WL 4439942, at *2 (N.D. Ill. Aug. 23, 2016) (collecting cases).

The Court does not need to reach the issue of whether a plaintiff must allege notice, however, because Ms. Kaenel did so. In her complaint, Ms. Kaenel alleges that TransUnion notified Capital One of her dispute. That is a factual allegation and all she needed to allege to survive this motion to dismiss. *Souvigny v. Wells Fargo Home Mortg., Inc.*, No. 15 C 07465, 2016 U.S. Dist. LEXIS 99875, at *11 (N.D. Ill. Apr. 15, 2016) ("Although Wells Fargo characterizes these notice allegations as conclusory, . . . this is not so because the Souvignys specifically allege how Wells Fargo received notice—from Equifax."). She does not need to plead the basis for her belief that TransUnion notified Capital One.

Capital One argues that Ms. Kaenel needed to plead more than that she "believed" that TransUnion notified Capital One. It contends that she could have obtained a formal description of TransUnion's procedure under 15 U.S.C. § 1681i(a)(6)(B)(iii), including whether TransUnion notified Capital One. Nothing in the statute or Federal Rules, however, requires that a plaintiff receive a formal description pursuant to 15 U.S.C. § 1681i(a)(6)(B)(iii) before filing suit. *Freedom v. Citifinancial, LLC*, No. 15 C 10135, 2016 WL 4060510, at *5 (N.D. Ill. July 25, 2016) (holding that a section 1681i(a)(6)(B)(iii) inquiry is not a prerequisite to filing suit). At least one court in this district has disagreed with this position. In *Densmore v. General Motors Acceptance Corporation*, another district court held that it was "improper for [the plaintiff] to drag [a furnisher of credit information] into court without conducting a concrete investigation into whether its duties under the FCRA were ever triggered." No. 03 C 1866, 2003 WL 22220177, at *2 (N.D. Ill. Sept. 25, 2003). The district court held that alleging notice based on "information and belief" was not sufficient to state a claim. *Id.*

This Court declines to follow the holding in *Densmore* that a plaintiff needs to conduct a "concrete investigation" and request a formal description before filing suit. Since the decision in

*Densmore*, the Supreme Court has clarified the pleading standards and held that a plaintiff must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Capital One directs the Court to *Neiman v. Chase Bank, USA, N.A.*, No. 13 C 8944, 2014 WL 3705345 (N.D. Ill. July 25, 2014), a more recent case that cites *Densmore*. In *Neiman*, however, the plaintiffs never alleged that the furnisher of credit information received notice. *Id.* at *6. Ms. Kaenel did allege that Capital One received notice. Plaintiffs can properly make allegations based on belief in federal court. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011) ("When a plaintiff sets out allegations on information and belief, he is representing that he has a good-faith reason for believing what he is saying, but acknowledging that his allegations are based on secondhand information that he believes to be true.") (cleaned up). Absent a heightened pleading standard, this Court concludes that it would be improper to question the basis of Ms. Kaenel's belief and her factual allegations at the motion to dismiss phase.[1] Taking her allegations as true for purposes of this motion (as it must), Ms. Kaenel's claim is plausible, and that is sufficient to survive Capital One's motion to dismiss.

Acknowledging as much, Capital One concedes in reply that its motion challenges not the sufficiency of the complaint's allegations of notice but rather the truth of those allegations. Def. Reply 1, ECF No. 36 ( "the issue is not the quality of Plaintiff's allegation, but that the allegation is wrong. Transunion did not, in fact, provide the required notice."). The Court declines to consider the attached declaration to the defendant's memorandum at this stage and will not convert this motion to a motion for summary judgment. Capital One may file a motion for summary judgment at any time. Ms. Kaenel, however, is entitled to discovery on the issue of whether Capital One received notice from TransUnion pursuant to Rule 56(d). After discovery on this limited issue, Capital One may file a motion for summary judgment that complies with Local Rule 56.1.

Dated: August 1, 2022

John J. Tharp, Jr.
United States District Judge

---

[1] As other courts in this district have noted, Capital One may move for sanctions under Rule 11 if it is correct that the plaintiff filed this complaint with no basis for this allegation. *Freedom*, 2016 WL 4060510, at *5 n.4. At this time, the Court does not offer any opinion as to whether a motion for sanctions is warranted.